RAYFORD STEVENS,

        Plaintiff,

        v.

UNITED STATES; DR. PETER LIBERO;
MRS. MCMANUS; PA B. AREMU; MRS.
MOON; S. ARMFIELD; UNITED STATES
DEPARTMENT OF JUSTICE; and
FEDERAL BUREAU OF PRISONS,

        Defendants.

CIVIL ACTION NO.: 2:14-cv-178

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1.) The Court conducted an initial review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A. Pursuant to that review, the undersigned **RECOMMENDS** Plaintiff's claims against the United States, the United States Department of Justice, the Federal Bureau of Prisons, Defendant Hastings, Defendant McManus, and Defendant Armfield be **DISMISSED** and Plaintiff's official capacity and Fifth Amendment claims against the remaining Defendants be **DISMISSED**. Additionally, I **RECOMMEND** Plaintiff's request for injunctive relief be **DENIED.**

The undersigned **ORDERS** a copy of this Order and Plaintiff's Complaint be served upon Defendants Moon, Libero, and Aremu. The Court provides additional instructions to

Plaintiff and Defendants Moon, Libero, and Aremu pertaining to the future litigation of this action, which the parties are urged to read and follow.

STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. However, in determining compliance, the Court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction and held to a less stringent standard than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006)..

In addition, the Court is guided by the Eleventh Circuit Court of Appeals' opinion in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In Mitchell, the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at Section 1915A(b). As the language of Section 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to the initial review of prisoner complaints under Section 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in

2

Mitchell interpreted Section 1915(e), its interpretation guides this Court in applying the identical language of Section 1915A. See Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal pursuant to Section 1915A (b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). To survive review, a plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

PLAINTIFF'S ALLEGATIONS

Plaintiff asserts he complained to "medical staff" in May 2012 about "the various issues" he was suffering from, such as pain, discomfort, and distorted vision in his left eye. (Doc. 1, p. 4.) Plaintiff contends he had a sick call visit on August 7, 2012, and informed medical personnel he was still experiencing pain, discomfort, and distorted vision in his left eye. Plaintiff avers he was told he would be placed on the call-out list—the process which advises inmates of appointments—and was to be seen by medical personnel on August 13, 2012. However, Plaintiff contends he was not placed on the call-out list. Plaintiff contends he was unable to see at all in his left eye two (2) days later, and he immediately informed Lieutenant Jackson of his condition. Plaintiff states Lieutenant Jackson called the medical department to inform personnel of Plaintiff's condition and directed Plaintiff to go to medical. Plaintiff contends Defendant Moon, a nurse, checked his vital signs and then walked toward Defendant Libero's office. Plaintiff also contends he saw Defendant Libero walking by "moments later" and told Defendant Libero he needed to see him. (Id. at p. 5.) Plaintiff asserts Defendant Libero replied that he did

3

not have time to see Plaintiff.  Plaintiff maintains Defendant Moon came back to the medical department and told him he would be placed on the call-out list for the next day.  Plaintiff states he was seen by Defendant Aremu, a physician's assistant, who examined Plaintiff's eyes and wrote him a prescription for antibiotics and eye drops.  Plaintiff also states he was able to get these prescriptions the following day.  (Id.)

On August 20, 2012, Plaintiff asserts he woke up and realized his eye was swollen and painful, and his vision was distorted, so he went to medical and demanded to be seen.  Plaintiff contends Defendant Aremu examined Plaintiff's eyes and noticed a lack of sensitivity in his left eye.  Plaintiff asserts Defendant Aremu took him to Defendant Libero's office and informed Defendant Libero Plaintiff's left eye was sensitive to light.  Plaintiff asserts Defendant Libero examined Plaintiff's eyes and told Plaintiff he would inform Defendant McManus, the Medical Administrator, that Plaintiff needed to be transported to an outside medical care provider.

Plaintiff alleges he was taken to an outside medical care provider on August 22, 2012, at which time Plaintiff was informed he was going to lose his left eye.  (Id. at p. 6.)  According to Plaintiff, he was informed his eye could have been saved if he had been taken to the hospital sooner than he was.  Plaintiff asserts his request to be seen by an eye doctor was approved on August 25, 2012, after he already lost his eye.  (Id.)  Plaintiff contends Defendant Armfield filed a false medical report "with the intent to cover the unconstitutional acts of" the other Defendants. (Id. at p. 7.)

In addition to the above-named Defendants, Plaintiff names Warden Suzanne Hastings as a Defendant.  According to Plaintiff, Defendant Hastings "presides over an unwritten policy that medical needs" of prisoners should be prioritized based on their sentences, security level, and classification.  (Id. at p. 6.)  Plaintiff states this unwritten policy resulted in his permanent injury.

Plaintiff further names the United States, the United States Department of Justice, and the Federal Bureau of Prisons as Defendants.

DISCUSSION

To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. at 388. Plaintiff's allegations are analyzed under the Standard of Review set forth above, and the Court accepts Plaintiff's non-conclusory factual allegations as true, as the Court must at this stage.

I.      **Proper Defendants**

The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. FDIC v. Meyer, 510 U.S. 471, 485–86 (1994). In addition, absent a waiver, "sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941) (alteration in original)). To the extent the United States Department of Justice and the Federal Bureau of Prisons are the individually-named Defendants' employers, Plaintiff's claims against the United States Department of Justice and the Federal Bureau of Prisons cannot be sustained. Moreover, there is no evidence the United States has consented to be sued under Bivens. Thus, the United States, the Department of Justice, and the Federal Bureau of Prisons should be **DISMISSED** as named Defendants.

II.     **Official Capacity Claims**

Plaintiff has sued all individually-named Defendants in both their individual and official capacities. To the extent Plaintiff seeks to hold Defendants liable in their official capacities, he cannot do so. "Bivens only applies to claims against federal officers in their individual

5

capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)). For this reason, Plaintiff's claims against the individually-named Defendants in their official capacities should be **DISMISSED**.

**III.    Respondeat Superior**

It appears Plaintiff seeks to hold Defendant Hastings liable based solely on her supervisory position as Warden, as he makes no factual allegations against this Defendant. "It is well established in this circuit that supervisory officials are not liable under <u>Bivens</u> for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.

The Court notes Plaintiff's assertion that Defendant Hastings is liable because she "presides over an unwritten policy" regarding prisoners' medical needs, which led to his injuries. However, Plaintiff makes no specific contentions which set forth a plausible claim against Defendant Hastings or which indicate how this alleged unwritten policy led to his alleged injuries. Moreover, Plaintiff has not established that Defendant Hastings was personally involved in this alleged policy or even knew about the policy. "Though knowledge and intent can be pleaded generally, they must nevertheless be pleaded." McCree v. Sherrod, 408 F. App'x 990, 993 (7th Cir. 2011) (internal citations omitted) (affirming dismissal of claims against warded for unwritten policy of triple celling where no allegation that warden personally involved in or even aware of policy). As Plaintiff has failed to set forth a viable constitutional claim

against Defendant Hastings, his claims against Defendant Hastings should be **DISMISSED** on this basis.

## IV.     Alleged Falsification of Medical Records

As to Defendant Armfield, Plaintiff only alleges that he filed false medical reports as a way to cover up the unconstitutional acts of the other Defendants. However, even assuming Defendant Armfield did file false medical reports, Plaintiff fails to set forth any facts which indicate a constitutional violation occurred. The falsification of medical records, standing alone, does not permit an Eighth Amendment claim to go forward. See Morgan v. Williams, 2015 WL 899458, at *9 n.4 (S.D. Ga. Mar. 3, 2015) (quoting Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997), and recognizing that court's finding that a "showing of deliberate refusal to provide medical attention, as opposed to a particular course of treatment, coupled with falsification of medical records may give rise to an Eighth Amendment violation[.]"), *adopted by* 2015 WL 3369385 (S.D. Ga. May 15, 2015); see also Edwards v. Zeese, No. 1:13-CV-29 (WLS), 2013 WL 1833271, at *3 (M.D. Ga. May 1, 2013) (noting there is no constitutional right to a correct police report, and an allegation that a report contains falsified information, standing alone, does not rise to the level of a constitutional violation). Thus, Plaintiff's claims against Defendant Armfield should be **DISMISSED**.

## V.     Fifth Amendment Claims

Plaintiff states in the most conclusory fashion that this is a cause of action "for violation of [his] Fifth . . . Amendment rights[.]" (Doc. 1, p. 2.) However, Plaintiff makes no factual allegations which render it at least plausible Defendants violated his right to due process under the Fifth Amendment. Ashcroft, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Plaintiff's Fifth

Amendment claims do not overcome this low threshold burden, and should, therefore, be **DISMISSED**.

## VI.     Request for Injunctive Relief

Plaintiff states he is seeking an injunction, though he fails to state what actions he wishes to enjoin.  To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001).  Plaintiff, through his conclusory statement that he seeks an injunction, has not shown that he has satisfied the prerequisites in order to be entitled to such relief.  Specifically, Plaintiff has not shown the substantial likelihood of success on the merits of his claims nor that injunctive relief is necessary to prevent irreparable injury.  Therefore, Plaintiff's request for injunctive relief should be **DENIED** at this stage.

## VII.    Deliberate Indifference

Finally, Plaintiff's allegations against Defendants Moon, Libero, Aremu, and McManus implicate Eighth Amendment principles.  The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates.  This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding

8

prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

In those cases where a plaintiff receives medical treatment, a defendant can still be liable for any delays in treatment. See McElligott v. Foley, 182 F.3d 1248, 1257–58 (11th Cir. 1999). In determining whether a delay in treatment rises to the level of deliberate indifference, relevant

factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F.3d at 1327. The question of whether a delay in receiving treatment worsened an individual's condition overlaps with the causation inquiry. Id. at 1329.

Here, Plaintiff alleges he began complaining to "medical staff" about his eye condition in May 2012, and he did not receive any care or treatment for his condition until August 2012. However, Plaintiff does allege he received medical attention. Yet, according to Plaintiff, the outside medical care provider informed him that, had he arrived at an outside facility for treatment sooner, his eye could have been saved. (Doc. 1, p. 6.) At this stage, it is at least plausible that the medical care providers delayed treatment to Plaintiff, which caused his condition to become more dire than it would otherwise have been. Nonetheless, Plaintiff only makes a plausible claim in this regard against Defendants Moon, Libero, and Aremu. To be clear, Plaintiff has alleged a plausible claim that Defendants Moon, Libero, and Aremu violated Plaintiff's constitutional rights by purportedly delaying access to an outside medical care provider, and that alleged delay in treatment caused him to suffer a permanent injury.

Conversely, Plaintiff fails to set forth a plausible claim against Defendant McManus. By Plaintiff's own admission, once Defendant McManus, who he maintains is responsible for arranging outside treatment appointments, became aware of Plaintiff's need for an outside care provider, he was taken to such a provider no more than two (2) days later. Plaintiff fails to state a plausible claim that any delay by Defendant McManus caused Plaintiff harm, and, therefore, Plaintiff's claims against Defendant McManus should be **DISMISSED**.

CONCLUSION

These allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under 28 U.S.C. § 1331, Bivens, and 28 U.S.C. § 1915A against Defendants Moon, Libero, and Aremu. A copy of this Order and Plaintiff's Complaint shall be served upon Defendants Moon, Libero, and Aremu by the United States Marshal without prepayment of cost.

It is my **RECOMMENDATION** that Plaintiff's claims against the United States, the United States Department of Justice, the Federal Bureau of Prisons, Defendant Hastings, Defendant McManus, and Defendant Armfield be **DISMISSED** and Plaintiff's official capacity and Fifth Amendment claims against the remaining Defendants be **DISMISSED**. Additionally, Plaintiff's request for injunctive relief should be **DENIED** at this time.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objections are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity

11

requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the parties.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

### INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff

will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such

materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  See Fed. R. Civ. P. 33.  Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendants.  Interrogatories are not to contain more than twenty-five (25) questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.  In other words, if Plaintiff requests copies of pleadings, the Court will assume that he consents to the charge of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact

set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of August, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA