# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| RAYFORD STEVENS, | * | |
| --- | --- | --- |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:14-cv-178 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES; DR. PETER LIBERO; | * | |
| MRS. MCMANUS; PA B. AREMU; MRS. | * | |
| MOON; S. ARMFIELD; UNITED STATES | * | |
| DEPARTMENT OF JUSTICE; and | * | |
| FEDERAL BUREAU OF PRISONS, | * | |
| | * | |
| Defendants. | * | |

## ORDER

After an independent and *de novo* review of the entire record, and for the reasons and in the manner set forth below, the undersigned concurs, in part, with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.

Plaintiff failed to object to the recommended dismissal of his claims against the United States Department of Justice, the Federal Bureau of Prisons, Defendant Hastings, Defendant McManus, and Defendant Armfield. Consequently those claims and Defendants are **DISMISSED**. In addition, for the reasons set forth in the Magistrate Judge's Report and Recommendation Plaintiff's official capacity and Fifth Amendment claims against

AO 72A
(Rev. 8/82)

Defendants Moon, Libero, and Aremu are **DISMISSED**. Further, Plaintiff's claims made against the United States pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), are **DISMISSED**. Plaintiff's request for injunctive relief is **DENIED** at this stage. However, for the reasons set forth below, the Court rejects that portion of the Magistrate Judge's Report recommending the dismissal of the United States as a Defendant.

The Court **ORDERS** a copy of this Order, the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and Plaintiff's Complaint be served upon the United States, in accordance with the instructions which follow. The Court provides additional instructions to Plaintiff and the United States pertaining to the future litigation of this action, which the parties are urged to read and follow.

Plaintiff brought this cause of action pursuant to Section 1331, <u>Bivens</u>, and 28 U.S.C. § 2401, which the Court construes as Plaintiff's desire to pursue claims against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.* ("FTCA").[1] Dkt. No. 1, p. 2. In his Complaint, Plaintiff asserts that medical staff at the Federal

---

[1] Section 2401 of Title 28 provides the statute of limitations periods applicable to bringing a claim against the United States and does not form the jurisdictional basis for a cause of action against the United States.

Correctional Institution in Jesup, Georgia, were made aware of "various [medical] issues" he was suffering from, such as pain, discomfort, and distorted vision in his left eye.[2] Id. at p. 4. While the Magistrate Judge detailed Plaintiff's claims and analyzed those claims pursuant to the law applicable to Bivens for Plaintiff's allegations of constitutional violations, he failed to analyze whether Plaintiff sets forth a plausible claim for relief against the United States for the tort of negligence. See id. at p. 2.

The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). Bivens and the FTCA are "viewed" "as parallel and complementary causes of action[.]" Denson v. United States, 574 F.3d 1318, 1336 (11th Cir. 2009). Plaintiff does not specifically allege how the United States is liable under the FTCA. However, the allegations in his

---

[2] The Magistrate Judge thoroughly set forth Plaintiff's claims in his Order and Report and Recommendation, and the undersigned need not duplicate those efforts.

Complaint set forth enough factual contentions against the individually-named Defendants to state a plausible cause of action under the FTCA. "The United States is the only proper defendant in an FTCA action." Simpson v. Holder, 184 F. App'x 904, 908 (11th Cir. 2006) (citing 28 U.S.C. § 2679(a), (b)). Consequently, Plaintiff's allegations arguably set forth a colorable claim for relief against the United States pursuant to the FTCA.

A copy of Plaintiff's Complaint, the Magistrate Judge's Report and Recommendation, Plaintiff's Objections, and a copy of this Order shall be served upon the United States by the United States Marshal without prepayment of cost. The United States Attorney for the Southern District of Georgia may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Service may be perfected on the United States Attorney General by registered or certified mail. The answer of the Defendant shall be filed within sixty (60) days of receipt of such service. Fed. R. Civ. P. 12(a)(2).

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANT

The Court hereby **GRANTS** Defendant leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendant is further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendant shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon its attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall

AO 72A
(Rev. 8/82)

include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or its counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff must immediately inform this Court and defense counsel of any change of his address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq.* The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should not be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

AO 72A
(Rev. 8/82)

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as a defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay**

the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendant. Upon no less than five (5) days' notice of the Plaintiff's scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendant's motion for summary judgment be supported by

affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this ___3___ day of ___December___, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA