# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RAYFORD STEVENS,

    Plaintiff,

v.

UNITED STATES OF AMERICA; DR. PETER LIBERO; PA B. AREMU; and MRS. MOON,

    Defendants.

CIVIL ACTION NO.: 2:14-cv-178

## O R D E R

Presently before the Court are Defendants' Motion to Compel and Motion for Costs Associated with Plaintiff's Failure to Participate in his Deposition and Plaintiff's Motion for Reconsideration of the Court's March 23, 2016, Order. (Docs. 32, 33.) Defendants filed a Response to Plaintiff's Motion, (doc. 34), whereas Plaintiff failed to respond to Defendants' Motion. For the reasons which follow, the Court **GRANTS** Defendants' Motion and **DEFERS** ruling on Plaintiff's Motion for Reconsideration.

## BACKGROUND

Plaintiff filed this cause of action in December 2014 pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.* ("FTCA"), and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and alleged Defendants' actions caused him to lose vision in his left eye. (Doc. 1.) Defendants filed an Answer to Plaintiff's Complaint on February 8, 2016, (doc. 21), and the Clerk of Court entered a Scheduling Notice on this same date advising the parties that discovery was to close on June 27, 2016, (doc. 22). Defendants

moved to amend the Scheduling Notice as to the expert disclosure deadlines, and the Court granted this motion. (Doc. 27.) Plaintiff then filed a Motion for Extension of Time to Complete Discovery. (Doc. 28.) The Court granted Plaintiff's Motion and set the deadline for the close of discovery as July 27, 2016. (Doc. 30.)

In their Motion, Defendants state they served discovery requests upon Plaintiff on March 25, 2016, and Plaintiff failed to respond to these requests. (Doc. 32, p. 2.) Defendants' counsel wrote Plaintiff on May 27, 2016, which was more than a month after Plaintiff's discovery responses were due, and reminded him he failed to respond to the discovery requests and asked him to respond no later than June 3, 2016. (Id.) Plaintiff has not responded to Defendants' discovery requests, nor has he indicated whether he intends to do so.

Defendants assert that they noticed Plaintiff's deposition for June 15, 2016, and hoped Plaintiff could advise whether he possessed any information or documents responsive to their discovery requests. However, when Defendants' counsel and a court reporter arrived to the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), Plaintiff informed counsel that he had retained Linda George of Hackensack, New Jersey, as his attorney. (Id. at p. 3.) Although Plaintiff provided contact information for Ms. George, counsel was unable to verify at that time whether Ms. George was representing Plaintiff. Defendants allege they had no choice but to cancel the deposition to avoid any ethical concerns involved with deposing a party who asserted that he was represented outside the presence of counsel. (Id.) Defendants also allege they warned Plaintiff their counsel would file the instant Motion seeking the recovery of costs associated with the failed deposition. Counsel states Ms. George contacted him after he returned to his office in Savannah, Georgia, and she informed Defendants' counsel she is not representing Plaintiff but did refer him to two attorneys in Georgia. (Id.)

Defendants seek to recover $125.50 for the court reporter's appearance at and travel to the deposition and $76.68 for counsel's travel expenses to the deposition, for a total of $202.18. (Id. at p. 4.)

I.   **Defendants' Motion to Compel**

"Once a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure provides that a party may move for an order compelling discovery where another party fails to answer questions in an oral deposition conducted pursuant to Rule 30, fails to answer an interrogatory served under Rule 33, or fails to produce documents in response to a request served under Rule 34. When such a motion is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless there was no good faith effort to avoid judicial intervention, the nondisclosure was substantially justified, or the award of expenses is otherwise unjust. Fed. R. Civ. P. 37(a)(5); see also Simmons v. Orbis Corp., No. 1:09-CV-1183, 2010 WL 2196968, at *5 (N.D. Ga. May 13, 2010).

Defendants sent their First Set of Interrogatories and Requests for Production of Document on Plaintiff on March 25, 2016. (Doc. 32-1, p. 1.) Plaintiff's responses to Defendants' discovery requests were due on or before April 27, 2016. Fed. R. Civ. P. 33 (b)(2) and 34(b)(2). When Defendants' counsel[1] discovered Plaintiff had not responded to Defendants' discovery requests, he sent Plaintiff a letter on May 27, 2016, and requested that Plaintiff respond to those requests no later than June 3, 2016. (Doc. 32-3, p. 1.) Counsel forewarned

---

[1] Assistant United States Attorney ("AUSA") Bradford Patrick now represents Defendants but was not the first AUSA to enter an appearance on behalf of Defendants. (Docs. 20, 23, 31.)

3

Plaintiff that his failure to respond to Defendants' discovery requests would result in Defendants seeking judicial intervention. (Id.) Moreover, this Court informed Plaintiff at the commencement of this case that, "[i]t is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants." (Doc. 11, p. 15.) Based on the information before the Court, he has failed to fulfill that duty. Specifically, Plaintiff still has not responded to Defendants' discovery requests. In fact, Plaintiff has failed to even respond to Defendants' Motion.

The Court **GRANTS** this portion of Defendants' Motion. The Court hereby **ORDERS** Plaintiff to provide Defendants' counsel with responses to their discovery requests **within ten (10) days** from the date of this Order. Plaintiff's failure to provide Defendants with responses to their discovery requests will result in the dismissal of this cause of action as a sanction. See, e.g., Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538, 1538–39 (11th Cir.1984) ("[T]he district court retains the discretion to dismiss a complaint where the party's conduct amounts to flagrant disregard and willful disobedience of the court's discovery orders."); Griffin v. Aluminum Co. of Am., 564 F.2d 1171, 1172 (5th Cir. 1977) (noting that the former Fifth Circuit "approved dismissal as a sanction imposed under Rule 37(d), [where] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply").

## II.     Defendants' Motion for Costs

In addition, Rule 37(d)(1) authorizes the Court to impose the same or harsher sanctions on a party who fails to attend his own deposition or fails to serve answers to interrogatories, including striking pleadings, the preclusion of evidence, or dismissal. A court need not find that the opposing party acted in bad faith to award costs under Rule 37. Taylor v. Taylor, 133 F.

App'x 707, 709 (11th Cir. 2005) ("Under our caselaw, a district court may impose monetary sanctions 'without a showing of willfulness or bad faith on the part of the disobedient party.'") (quoting BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994)). A plaintiff's indigent status does not limit a court's discretion to assess fees against him when that plaintiff fails to cooperate in discovery. Id. (citing Moon, 863 F.2d at 837); see also Isaac v. RMB Inc., 604 F. App'x 818, 821 (11th Cir. 2015) (upholding award of costs for litigant's failure to attend deposition and the opponent's cost for having to file a motion to compel). Moreover, this Court explained to Plaintiff, approximately a year ago, "[u]pon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case." (Doc. 11, p. 15.)

Defendants noticed Plaintiff's deposition on June 3, 2016, to take place at FCI Jesup on June 15, 2016, at 9:30 am. (Doc. 32-4.) Counsel arrived at FCI Jesup on the morning of June 3, 2016, and Plaintiff informed counsel he had retained an attorney to represent him in this matter who had advised Plaintiff not to answer any of Defendants' questions. (Doc. 32-1, p. 2.) Defendants' counsel attempted to contact Ms. George while he was at FCI Jesup to verify whether she was representing Plaintiff in this case and was unable to do so. Defendants' counsel was forced to cancel the deposition based on Plaintiff's representation that he had retained an attorney, and that attorney was not present at the time. (Id. at p. 3.) Counsel advised Plaintiff that he would file a motion to compel to recover costs associated with the failed deposition.

5

Later in the day on June 3, 2016, Ms. George contacted Defendants' counsel and informed him she was not representing Plaintiff and had no intention of doing so.

Defendants were billed $125.50 for the court reporter's appearance and travel. (Doc. 32-6.) Counsel maintains he is due to be reimbursed for $76.68 for the 142 miles roundtrip he traveled to take Plaintiff's deposition, based on the Government's mileage reimbursement rate of $0.54 per mile.[2] (Doc. 32-1, p. 4.) Defendants are not seeking recovery of attorney's fees associated with the bringing of this Motion.

Plaintiff was provided with the opportunity to be heard on this matter and failed to do so. Given Plaintiff's failure to comply with Defendants' discovery requests without Court intervention, despite having ample opportunity to do so, the Court **GRANTS** this portion of Defendants' Motion. The Court **ORDERS** Plaintiff to reimburse Defendants in the amount of $202.18, payable to the United States Attorney's Office for the Southern District of Georgia, for the costs associated with the failed deposition attempt. See Fed. R. Civ. P. 37(a)(5)(A) (providing that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). In addition, the Court **ORDERS** Plaintiff to participate fully in any deposition Defendants' counsel may schedule in this case. Plaintiff's failure to participate in any future deposition will result in the imposition of additional sanctions, including dismissal of his cause of action.

## III. Plaintiff's "Motion for Reconsideration"

In his Motion, Plaintiff contends he had a fellow inmate assisting him with this case, but that inmate has been transferred to another penal institution. (Doc. 33, p. 2.) Plaintiff maintains he is in contact with a local attorney who is interested in taking his case "if this Court will

---

[2] http://www.gsa.gov/portal/content/100715, last accessed Aug. 11, 2016.

reconsider the scheduling order at issue in Document 27." (Id.)  Plaintiff requests the Court issue a new scheduling order and stay the proceedings in this case to allow him the opportunity to secure counsel and an expert in this case.

Defendants note they are skeptical of Plaintiff's representation that local counsel may be willing to appear on his behalf since he has incorrectly told them he had an attorney on a previous occasion.  However, Defendants state that, if counsel enters a notice of appearance by August 15, 2016, they do not oppose the issuance of a new scheduling order, provided they are given the opportunity to serve additional or revised expert reports.  (Doc. 34, p. 2.)

The Court **DEFERS** ruling on Plaintiff's Motion.  Plaintiff shall notify the Court within **fourteen (14) days** of this Order whether he successfully retained legal representation in this matter.  Should Plaintiff be able to retain counsel, counsel must file a notice of appearance on Plaintiff's behalf within this same fourteen days' time.  Should Plaintiff obtain counsel, Plaintiff can then re-urge his Motion.  Plaintiff's failure to abide by this directive in the allotted time will result in the outright denial of his Motion for Reconsideration.

**SO ORDERED**, this 12th day of August, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA