# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RAYFORD STEVENS,

    Plaintiff,

v.

UNITED STATES OF AMERICA; DR. PETER LIBERO; PA B. AREMU; and MRS. MOON,

    Defendants.

CIVIL ACTION NO.: 2:14-cv-178

## **O R D E R**

Presently before the Court are Plaintiff's Motion for Reconsideration of the Court's March 23, 2016, Order and Plaintiff's related Motion for Extension of Time. (Docs. 33, 38.) Defendants filed Responses to Plaintiff's Motions. (Docs. 34, 40.) For the reasons which follow, the Court **DENIES** Plaintiff's Motions.

### BACKGROUND

Plaintiff filed this cause of action in December 2014 pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.* ("FTCA"), and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and alleged Defendants' actions caused him to lose vision in his left eye. (Doc. 1.) Defendants filed an Answer to Plaintiff's Complaint on February 8, 2016, (doc. 21), and the Clerk of Court entered a Scheduling Notice on this same date advising the parties that discovery was to close on June 27, 2016, (doc. 22). Defendants moved to amend the Scheduling Notice as to the expert disclosure deadlines, and the Court granted this motion. (Doc. 27.) Plaintiff then filed a Motion for Extension of Time to Complete

Discovery. (Doc. 28.) The Court granted Plaintiff's Motion and set the deadline for the close of discovery as July 27, 2016. (Doc. 30.)

Defendants filed a Motion to Compel and for Sanctions, arguing that Plaintiff failed to participate in discovery. (Doc. 32.) Plaintiff then filed his Motion for Reconsideration of the Court's May 26, 2016, Order granting Defendants' Motion to Amend the Scheduling Notice as to the expert disclosure deadlines. (Doc. 33.) The Court granted both portions of Defendants' Motion and deferred ruling on Plaintiff's Motion for Reconsideration. (Doc. 35.) In response, Plaintiff filed a Motion for Extension of Time, to which Defendants responded. (Docs. 38, 40.)

## DISCUSSION

In his Motion for Reconsideration, Plaintiff seeks reconsideration of the Court's Order regarding the expert disclosure deadlines. Plaintiff maintains that he should be allowed the opportunity to obtain counsel and an expert to assist him in this case. (Doc. 33, p. 2.) Relatedly, in his Motion for Extension of Time, Plaintiff once again seeks additional time to obtain counsel to assist him in this case. Plaintiff maintains he has a limited education, and the only reason he was able to commence this cause of action is because he had the assistance of a fellow inmate. However, that inmate has been transferred from the Federal Correctional Institution in Jesup, Georgia. (Doc. 38, p. 2.) Plaintiff states his request is made in good faith and is not designed or intended to delay or prolong the litigation. (Id. at p. 5.) Additionally, Plaintiff asserts he will diligently abide by any and all future instructions from the Court. (Id.)

Plaintiff's course of conduct in this case shows a disregard for this Court's directives and belies Plaintiff's contentions. Accordingly, Plaintiff's Motions are due to be denied. In granting Defendants' Motion to Compel, the Court specifically found that Plaintiff did not answer Defendants' discovery requests, as previously instructed, nor did he respond to Defendants'

2

Motion. (Doc. 35, p. 4 (quoting Doc. 11, p. 15).) The Court again instructed Plaintiff to respond to Defendants' discovery requests within ten (10) days of its August 12, 2016, Order, and Plaintiff has still failed to do so. Plaintiff was forewarned that his failure to follow this Court's directives would result in the dismissal of this cause of action as a sanction. In fact, Defendants have moved for the dismissal of Plaintiff's cause of action as a sanction based on Plaintiff's repeated failure to abide by this Court's instructions. (Doc. 39.) By this same Order, the Court deferred ruling on Plaintiff's Motion for Reconsideration and directed Plaintiff to advise the Court within fourteen (14) days of that Order whether he successfully retained counsel, and his failure to do so would result in the outright dismissal of his Motion for Reconsideration. (Doc. 35, p. 7.)

Plaintiff's Motion for Extension of Time is nothing more than an iteration of his Motion for Reconsideration. While the Court recognizes Plaintiff's wish to obtain legal representation or other assistance in this litigation, the Court has given Plaintiff more than enough time to obtain legal counsel in this case, and he has been unable to do so. Moreover, the Court has informed Plaintiff he has no constitutional right to such assistance in this civil case. (Doc. 9.) Plaintiff's lack of legal training is not an "extraordinary circumstance" warranting the appointment of counsel or other special treatment in this case. This Court frequently handles matters filed by people of all levels of education, including and especially those without legal training or with an otherwise limited education. Thus, the Court will not allow Plaintiff to use his lack of legal training to skirt his responsibility to prosecute this case.

Plaintiff's inability or lack of desire to respond appropriately to this Court's instructions—for whatever reason—will no longer be tolerated. Plaintiff is a *pro se* litigant, and as such, his pleadings are entitled to some measure of leniency which is not applicable to those

3

litigants who are represented.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)).  However, Plaintiff is still bound by this Court's directives and all applicable procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Consequently, the Court **DENIES** Plaintiff's Motion for Reconsideration and his Motion for Extension of Time.  Plaintiff is reminded that Defendants have filed a Motion for Summary Judgment and a Motion to Dismiss, (docs. 36, 39), and Plaintiff has been directed to file a response to each of these dispositive Motions, (docs. 37, 41).

**SO ORDERED**, this 16th day of September, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA