# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RAYFORD STEVENS,

    Plaintiff,

v.

UNITED STATES OF AMERICA; DR. PETER LIBERO; PA B. AREMU; and MRS. MOON,

    Defendants.

CIVIL ACTION NO.: 2:14-cv-178

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Prosecution and Failure to Comply with Court Orders. (Doc. 39.) Plaintiff filed a Response. (Doc. 42.) For the reasons which follow, I **RECOMMEND** the Court **GRANT** Defendants' Motion, **DISMISS without prejudice** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I also **RECOMMEND** the Court **DISMISS as moot** Defendants' pending Motion for Summary Judgment and **DENY** Plaintiff leave to appeal *in forma pauperis*. The Court **DISMISSES as moot** Plaintiff's Motion for Order to Require Defendants to provide him with Copies of Laws. (Doc. 52.)

## BACKGROUND

Plaintiff filed this cause of action in December 2014 pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, *et seq.* ("FTCA"), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and alleged Defendants' actions caused

him to lose vision in his left eye. (Doc. 1.) Defendants filed an Answer to Plaintiff's Complaint on February 8, 2016, (doc. 21), and the Clerk of Court entered a Scheduling Notice on this same date advising the parties that discovery was to close on June 27, 2016, (doc. 22). Defendants moved to amend the Scheduling Notice as to the expert disclosure deadlines, and the Court granted this motion. (Doc. 27.) Plaintiff then filed a Motion for Extension of Time to Complete Discovery. (Doc. 28.) The Court granted Plaintiff's Motion and set the deadline for the close of discovery as July 27, 2016. (Doc. 30.)

Defendants filed a Motion to Compel and for Sanctions, arguing that Plaintiff failed to participate in discovery. (Doc. 32.) Plaintiff then filed a Motion for Reconsideration of the Court's May 26, 2016, Order granting Defendants' Motion to Amend the Scheduling Notice as to the expert disclosure deadlines. (Doc. 33.) The Court granted both portions of Defendants' Motion and deferred ruling on Plaintiff's Motion for Reconsideration. (Doc. 35.) In response, Plaintiff filed a Motion for Extension of Time, to which Defendants responded. (Docs. 38, 40.) In his Motion for Reconsideration, Plaintiff sought reconsideration of the Court's Order regarding the expert disclosure deadlines. Plaintiff maintained that he should be allowed the opportunity to obtain counsel and an expert to assist him in this case. (Doc. 33, p. 2.) Relatedly, in his Motion for Extension of Time, Plaintiff once again sought additional time to obtain counsel to assist him in this case. Plaintiff maintained he has a limited education, and the only reason he was able to commence this cause of action is because he had the assistance of a fellow inmate. However, that inmate was transferred from the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup"). (Doc. 38, p. 2.) Plaintiff stated his request was made in good faith and was not designed or intended to delay or prolong the litigation. (Id. at p. 5.) Additionally,

Plaintiff asserted he would diligently abide by any and all future instructions from the Court. (Id.) As set forth below, this did not happen.

In its August 12, 2016, Order, the Court found Plaintiff's course of conduct in this case showed a disregard for this Court's directives and belied Plaintiff's contentions. (Doc. 35.) In granting Defendants' Motion to Compel, the Court specifically found that Plaintiff did not answer Defendants' discovery requests, as previously instructed, nor did he respond to Defendants' Motion. (Doc. 35, p. 4 (quoting Doc. 11, p. 15).) The Court again instructed Plaintiff to respond to Defendants' discovery requests within ten (10) days of its August 12, 2016, Order. (Id.) Plaintiff was forewarned that his failure to follow this Court's directives would result in the dismissal of this cause of action as a sanction. Id. Unfortunately, Plaintiff failed to heed this warning. On September 16, 2016, the Court denied Plaintiff's Motions for Extension of Time and once again noted his disregard for this Court's Orders. (Doc. 43.)

As the Court has informed Plaintiff, his inability or lack of desire to respond appropriately to this Court's instructions—for whatever reason—will no longer be tolerated. (Doc. 43, p. 3.) Plaintiff is a *pro se* litigant, and as such, his pleadings are entitled to some measure of leniency which is not applicable to those litigants who are represented. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff is still bound by this Court's directives and all applicable procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Although Defendants filed a Motion for Summary Judgment, they have also filed a Motion to Dismiss based on Plaintiff's failure to prosecute his claims and his failure to comply with this Court's Orders. Because the Court agrees that Plaintiff has not prosecuted his claims or complied with this Court's Orders, the Court addresses Defendants' Motion to Dismiss rather than their Motion for Summary Judgment.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to prosecute his claims. For the reasons set forth below, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, and **DENY** him leave to appeal *in forma pauperis*.

**I. Dismissal for Failure to Prosecute, for Failure to Follow this Court's Orders, and as a Discovery Sanction**

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua*

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Here, Plaintiff was forewarned on more than one occasion that his failure to participate in the requisite discovery process or to follow this Court's Orders would result in the dismissal of his Complaint.

4

*sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute

Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Indeed, under Rule 37 of the Federal Rules of Civil Procedure, if a party fails to obey an order to provide or participate in discovery, a court may enter an order dismissing the action or proceeding in whole or in part or enter an order rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(v) & (vi); see Fed. R. Civ. P. 37(d)(1)(A)(ii) & (3) (stating that, on a motion, a court may order sanctions if a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response, with such sanctions to include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)). "Instead of or in addition to dismissal or default, a court must order the disobedient party, its attorney, or both to pay the reasonable expenses, including attorney's fees, caused by such failure, unless the failure was substantially justified or circumstances exist that would make an award of expenses unjust." Rodrigues Lorador v. Vazquez, Case No. 8:14-cv-433-T-23AEP, 2015 WL 12818831, at *2 (M.D. Fla. Apr. 10, 2015), *report and recommendation adopted,* 2016 WL 7115976 (Jan. 14, 2016) (citing Fed. R. Civ. P. 37(b)(2)(C)).

Moreover, "once a *pro se* [ ] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 37(d) states: "[I]f a party . . . fails, after being served with proper notice, to appear for that person's deposition," the court "where the action is pending may, on motion, order sanctions." Fed. R. Civ. P. 37(d). Rule 37 permits the Court to "dismiss the action or proceeding or any part thereof" to remedy a Rule 37(d) violation. Fed. R. Civ. P. 37(d)(3) & (b)(2)(A). Involuntary dismissal, however, is not a step which a court should take absent

compelling circumstances. "As the Eleventh Circuit Court of Appeals has held, dismissal under Rule 37 'is an extreme remedy and should not be imposed if lesser sanctions will suffice.'" Cohran v. McPhearson, No. CV213-033, 2014 WL 317067, at *1 (S.D. Ga. Jan. 28, 2014) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)). In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration. Id.

Plaintiff bears the burden of justifying his conduct, and he must suffer the consequences of his actions or inaction. Given Plaintiff's complete failure to engage in discovery, to participate in his deposition, or to offer any reasonable explanation for his behavior, dismissal of his action is an appropriate sanction under Rule 37. Navarro, 856 F.2d at 141–42 (several acts of neglect and indifference, including failure to appear for deposition, justified dismissal of plaintiff's action); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538 (11th Cir. 1984) (dismissal was an appropriate sanction for plaintiff's failure to appear at deposition or offer adequate explanation for his non-appearance); Bonaventure v. Butler, 593 F.2d 625, 626 (5th Cir. 1979) (plaintiff's repeated failure to appear for deposition warranted dismissal of his suit with prejudice).

In this case, the Court has provided Plaintiff considerable leeway, especially considering his status as an incarcerated, *pro se* litigant. For instance, the Court extended the discovery period by one month after Plaintiff moved the Court and asserted that the fellow inmate who had been assisting him had been transferred to another prison and that Plaintiff had contacted an attorney to assist him with his case. (Doc. 30.) However, Defendants filed a Motion to Compel and stated Plaintiff had not responded to their discovery requests or attempts to have Plaintiff comply with their requests prior to seeking judicial intervention. In granting Defendants' Motion to Compel, the Court reminded Plaintiff that he was informed at the commencement of the case

that, "'[i]t is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants.'" (Doc. 35, p. 4 (citing Doc. 11, p. 15).) The Court noted Plaintiff failed to do what was required of him by the Federal Rules of Civil Procedure, this Court's Local Rules, and the Orders of this Court. In fact, Plaintiff even failed to respond to Defendants' Motion to Compel. (Id.)

By this same Order, the Court imposed costs against Plaintiff in the amount of $202.18 based on his failure to participate in his properly-noticed deposition. The Court recounted that Plaintiff had informed Defendants' counsel, on the morning counsel appeared at FCI Jesup to depose Plaintiff with a court reporter, that Plaintiff had retained an attorney, who advised him not to answer any of Defendants' questions. (Id. at p. 5.) When Defendants' counsel was able to contact this attorney, she said that, although Plaintiff had contacted her, she was not representing Plaintiff and had no intention of doing so. (Id. at p. 6.) The Court noted Plaintiff was given the opportunity to be heard on the matter and failed to respond to Defendants' Motion. The Court reminded Plaintiff that, "'[u]pon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.'" (Id. at p. 5 (quoting Doc. 11, p. 15).) Further, the Court warned Plaintiff that, if he did not provide responses to Defendants' counsel's discovery requests within ten days of the August 12, 2016, Order, his failure to do so would result in the dismissal of his cause of action as a sanction. (Id. at p. 2.)

Despite having been advised on more than one occasion of his obligations to participate in discovery—whether responding to Defendants' written requests or participating in the properly-notice deposition—Plaintiff still has not participated in discovery, as required under the relevant Rules and the Court's Orders. Additionally, and as Defendants note in their Motion to Dismiss, Plaintiff: 1) violated Federal Rules 33, 34, and 36 by not responding to discovery requests within thirty days; 2) violated Federal Rule 30 and two of this Court's Orders when he did not participate in his deposition; 3) did not comply with the Court's August 12, 2016, Order directing him to serve discovery responses within ten days of that Order or face dismissal of his cause of action; and 4) has not tendered payment of the monetary sanction this Court imposed in its August 12, 2016, Order. (Doc. 39, p. 3.)

Plaintiff acknowledges that he has not complied with discovery requests, yet contends he has not been willful or recalcitrant with his failure. (Doc. 42, p. 2.) Plaintiff then tries to justify his non-compliance by reiterating the same reasons this Court has found dubious on previous occasions, such as his limited formal education, his lack of legal training, the transfer of the inmate who had been helping him with this litigation, the inability to retain an attorney, and his loss of vision. (Id. at pp. 2–3.) Plaintiff overlooks the fact that this Court has already entertained these excuses and, after having previously provided him relief, either looked at these excuses cautiously or rejected these excuses as illegitimate. (Doc. 35, pp. 6–7; Doc. 43.)

Plaintiff's course of conduct has established his unwillingness to participate in these proceedings. Plaintiff has been warned on several occasions that his failure to act in accordance with applicable Rules and the Orders of this Court would result in the dismissal of his cause of action. Rather than heeding those warnings and acting in conformity therewith, Plaintiff has chosen to ignore his obligations. This Court's warnings, coupled with Plaintiff's failure to

comply, must result in the dismissal of his cause of action as an appropriate sanction. See Nelson v. United States, 2017 WL 293194 (S.D. Ind. Jan. 23, 2017) (dismissing a *pro se* inmate's cause of action, in accordance with Rule 41(b) and Seventh Circuit Court of Appeals' precedent that, after consideration of certain factors, "a court may dismiss a suit [when] the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal.") (citation omitted). Additionally, the Court has already imposed sanctions upon Plaintiff based on his failure to comply with the Federal Rules of Civil Procedure and this Court's Orders, and these sanctions seem to have had no impact upon Plaintiff. See Navarro, 856 F.2d at 142.

Thus, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's Complaint, (doc. 1), **without prejudice** for failure to prosecute, for failure to follow this Court's Orders, and as a discovery sanction, **DISMISS as moot** Defendants' Motion for Summary Judgment, and **DIRECT** the Clerk of Court to **CLOSE** this case. The Court **DISMISSES as moot** Plaintiff's Motion for Order to Require Defendants to provide him with Copies of Laws.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's failure to follow this Court's directives and failure to prosecute, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, (doc. 39), **DISMISS without prejudice** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case. I further **RECOMMEND** the Court **DISMISS as moot** Defendant's pending Motion for Summary Judgment and **DENY** Plaintiff leave to appeal *in forma pauperis*. The Court **DISMISSES as moot** Plaintiff's Motion for Order to Require Defendants to provide him with Copies of Laws. (Doc. 52.)

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and

Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of February, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA