# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| RAYFORD STEVENS, | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 2:14-cv-178 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA; DR. | * | |
| PETER LIBERO; PA B. AREMU; and MRS. | * | |
| MOON, | * | |
| | * | |
| Defendants. | * | |

## ORDER

This matter is before the Court on Plaintiff's post-judgment Motion for Reconsideration and two Motions to Proceed in *Forma Pauperis* on Appeal. Dkt. Nos. 74, 75, 78. For the reasons set forth below, the Court **DENIES** Plaintiff's Motions. The Court's Order dated March 28, 2017, shall remain the Order of the Court.

### BACKGROUND

Plaintiff filed this cause of action in December 2014 pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and

AO 72A
(Rev. 8/82)

2671, *et seq.* ("FTCA"), and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and alleged Defendants' actions caused him to lose vision in his left eye. Dkt. No. 1. Defendants filed an Answer to Plaintiff's Complaint on February 8, 2016, dkt. no. 21, and the Clerk of Court entered a Scheduling Notice on this same date advising the parties that discovery was to close on June 27, 2016, dkt. no. 22. The Court later set the deadline for the close of discovery as July 27, 2016. Dkt. No. 30.

Defendants filed a Motion to Compel and for Sanctions, arguing that Plaintiff failed to participate in discovery. Dkt. No. 32. Plaintiff then filed a Motion for Reconsideration of the Court's Order granting Defendants' Motion to Amend the Scheduling Notice as to the expert disclosure deadlines. Dkt. No. 33. The Court granted both portions of Defendants' Motion and deferred ruling on Plaintiff's Motion for Reconsideration.

In his Motion for Reconsideration, Plaintiff sought reconsideration of the Court's Order regarding the expert disclosure deadlines. Plaintiff maintained that he should have been afforded the opportunity to obtain counsel and an expert to assist him in this case. <u>Id.</u> at p. 2. Relatedly, in his Motion for Extension of Time, Plaintiff once again sought additional time to obtain counsel to assist him in this case. Plaintiff maintained he has a limited education, and the only reason he

AO 72A
(Rev. 8/82)

was able to commence this cause of action is because he had the assistance of a fellow inmate. However, that inmate was transferred from the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup"). Dkt. No. 38, p. 2. Plaintiff stated his request was made in good faith and was not designed or intended to delay or prolong the litigation. Id. at p. 5. Additionally, Plaintiff asserted he would diligently abide by any and all future instructions from the Court. Id.

However, in its August 12, 2016, Order, the Court found Plaintiff's course of conduct in this case showed a disregard for this Court's directives and belied Plaintiff's contentions. Dkt. No. 35. In granting Defendants' Motion to Compel, the Court specifically found that Plaintiff did not answer Defendants' discovery requests, as previously instructed, nor did he respond to Defendants' Motion. Dkt. No. 35, p. 4 (quoting Dkt. No. 11, p. 15). The Court again instructed Plaintiff to respond to Defendants' discovery requests within ten (10) days of its August 12, 2016, Order. Id. Plaintiff was forewarned that his failure to follow this Court's directives would result in the dismissal of this cause of action as a sanction. Id. Unfortunately, Plaintiff failed to heed this warning. On September 16, 2016, the Court denied Plaintiff's Motions for Extension of Time and once again noted his disregard for this Court's Orders. Dkt. No. 43.

3

On February 10, 2017, the Magistrate Judge recommended, *inter alia,* that the Court grant Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Prosecution and Failure to Comply with Court Orders and deny Plaintiff leave to appeal *in forma pauperis*. Dkt. No. 61. The Court adopted the Magistrate Judge's Report and Recommendation as the opinion of the Court, over Plaintiff's Objections, by Order dated March 28, 2017. Dkt. No. 66. The Court entered a judgment of dismissal on March 29, 2017. Dkt. No. 67. Plaintiff then filed a Motion to Alter or Amend the Judgment, dkt. no. 68, which the Court denied on April 25, 2017, dkt. no. 70.

Plaintiff has now filed a Motion for Reconsideration of the portion of the Court's Order denying him *in forma pauperis* status on appeal. Dkt. No. 74. In addition, Plaintiff has filed two Motions for Leave to Appeal *in Forma Pauperis*.[1] Dkt. Nos. 75, 78.

**DISCUSSION**

**I.   Plaintiff's Motion for Reconsideration**

Plaintiff requests this Court reconsider its previous Order denying him *in forma pauperis* status on appeal. Plaintiff maintains his appeal is being undertaken in good faith. Dkt. No. 74, p. 1.

---

[1] Plaintiff's first Motion for Leave to Appeal *in Forma Pauperis* was deemed deficient because he failed to sign that pleading. Dkt. No. 76.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion. He fails to present any newly-discovered evidence in support of his claims, nor does he allege this Court's previously-entered Order represents a manifest error of law or fact. In fact, Plaintiff offers no reason for the Court to reconsider its previously-entered denial of *in forma pauperis* status on appeal. Accordingly, the Court **DENIES** Plaintiff's Motion for

5

Reconsideration. The Court's Order dated March 28, 2017, shall remain the Order of the Court, and this case shall remain closed.

**II.   Plaintiff's Motions for Leave to Appeal *in Forma Pauperis***

For the reasons stated in this Court's March 28, 2017, Order and in the Magistrate Judge's February 10, 2107, Report and Recommendation, any appeal in this case would not be taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To the extent Plaintiff seeks reconsideration of the Court's prior denial, the Court discerns no good reason to disturb its prior Order, as discussed in the preceding Section of this Order. Further, if Plaintiff disagrees with this Court's denial of his motion to proceed *in forma pauperis* on appeal, he should have filed the present Motions with the Court of Appeals. See Fed. R. App. P. 24(a)(5) (where the district court certifies that an appeal is not taken in good faith, petitioner/applicant may move the appellate court for leave to proceed IFP). Therefore, this Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* on Appeal.

AO 72A
(Rev. 8/82)

CONCLUSION

For the reasons set forth herein, the Court **DENIES** Plaintiff's Motion for Reconsideration and his Motions for Leave to Appeal *in Forma Pauperis*. Dkt. Nos. 74, 75, 78.

**SO ORDERED**, this ___19___ day of ___July___, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)